USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW PROKOS,

                Plaintiff,

              -against-

FULL STACK LLC and DOES 1–10,

                Defendants.

23-CV-04960 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a copyright case. Plaintiff is Andrew Prokos, a photographer who holds copyrights in several photographs (the "Works"). Defendant is Full Stack LLC ("Full Stack"), which operates the website "Milled.com." Milled.com allows users to access and view archived email newsletters. Prokos contracted with non-party ArtSpace LLC ("ArtSpace") for ArtSpace to market and sell the Works. ArtSpace then distributed email newsletters that included thumbnail images of the Works. These newsletters showing images of the Works were accessible on Milled.com. Because Prokos did not directly license Full Stack to reproduce or show the Works, Prokos alleges Full Stack infringed on his copyrights.

The Complaint alleges one count of copyright infringement, Dkt. No. 1 ¶¶ 43–50, and one count of violating the Digital Millenium Copyright Act ("DMCA"), *id.* ¶¶ 51–54. Prokos later dismissed his DMCA claim. Dkt. No. 48.

The parties cross-moved for summary judgment after the close of fact discovery. *See* Dkt. Nos. 50 & 51. Prokos argues he owns the copyrights in the Works and Full Stack willfully violated those copyrights by posting photos of the Works, via ArtSpace newsletters, onto Milled.com. *See* Dkt. No. 52 at 3–7. Full Stack principally argues that (i) the fair use defense applies, (ii) ArtSpace uploaded the photos onto Milled.com and thus Full Stack did not engage in

1

any "volitional conduct,' and (iii) Prokos's agreement with ArtSpace absolves Full Stack of liability on a theory of consent or of indirect license. Dkt. No. 50 at 7–20.

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[1] "A fact is 'material' when it 'might affect the outcome of the suit under governing law.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)). In determining whether a genuine issue of material fact exists, "[t]he evidence of the nonmovant is to be believed," and a court must draw "all justifiable inferences" in favor of the nonmovant. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Where there are cross-motions, each motion must be evaluated separately, with the appropriate inferences drawn as to each movant.

Summary judgment for either party is inappropriate in this case because there are multiple disputes of material fact. Just two examples suffice to illustrate the problem. First, while it is undisputed that the ArtSpace newsletters themselves fell within Prokos' authorized license, the parties dispute how those newsletters came to be displayed on Milled.com, and what other factual inferences and legal conclusions should be drawn from their competing versions of the facts. Prokos alleges Full Stack uploaded them in violation of Prokos' right to control his copyrighted works. Dkt. No. 52 at 5. Full Stack alleges ArtSpace uploaded them and it merely

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

provided a means of accessing a licensed display of the Works. Dkt. No. 50 at 11, 13–14. The evidence is less than clear on this issue. *Compare, e.g.,* Dkt. No. 57-2 (declaration from ArtSpace's CEO that ArtSpace did not provide images to Full Stack), *with* Dkt. No. 56-5 (showing a 2016 email from someone at ArtSpace to Milled.com expressing that ArtSpace would like "to be a participating brand for the MILLED [sic]"). Second, if ArtSpace uploaded the newsletters, the parties dispute whether Prokos indirectly licensed or permitted ArtSpace to publicize the Works on forums like Milled.com. Contrary to Full Stack's arguments, the plain text of Prokos and ArtSpace's agreement does not resolve this issue. *See* Dkt. No. 56-3 ¶ 3 (providing that ArtSpace could market the Works through channels besides ArtSpace's website with "written permission"). Additionally, the factual record is insufficient for the Court to determine whether Full Stack is entitled to a fair use defense as a matter of law.[2] Accordingly, and based on a comprehensive review of the record and the parties' arguments, the Court DENIES both motions for summary judgment (Dkt. Nos. 50 & 51).

It is further ORDERED that the parties appear for a conference with the Court in person on **Wednesday, March 18, 2026**, at **9:30 a.m.** in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. At the conference, the parties must be prepared to discuss dates for a trial and whether they wish to engage in alternative dispute resolution through the Court's mediation program or via a settlement conference with the assigned Magistrate Judge.

---

[2] The parties included sparse evidence with their respective motions. And none of this evidence has a bearing on crucial aspects of a fair use analysis, such as whether Full Stack's "use" of the Works was commercial or its effects on the market. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 565–66 (1985) (describing the fair use analysis); *id.* at 566 (describing the "effect of the use upon the potential market for or value of the copyrighted work" as the "single most important element of fair use"). Accordingly, the Court cannot determine if Full Stack is entitled to a fair use defense as a matter of law, and the question must be presented to a jury.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 50 & 51.

Dated: March 2, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge