**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDREW PROKOS,

Plaintiff,

- against -

FULL STACK LLC, and DOES 1-10,

Defendants.

Case No.: 23-cv-4960-MMG

**PLAINTIFF ANDREW PROKOS'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES**

## I. INTRODUCTION

Defendant Full Stack LLC should be responsible for Andrew Prokos' attorneys' fees of $94,465.00 under Section 505 of the Copyright Act, which provides for a "a reasonable attorney's fee to the prevailing party.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, U.S. 197, 202 (2016), *citing* 17 U.S.C. § 505. Full Stack infringed Prokos' copyrights in fifteen of his original photographs by copying, reproducing and displaying them for commercial purposes on its website, www.milled.com. Full Stack refused to take responsibility for its unauthorized uses, and then needlessly multiplied the cost of these proceedings by advancing vague and untenable affirmative defenses including failure to join an indispensable third party, implied or explicit license, and fair use—each of which either it ultimately abandoned or the jury unanimously rejected.

Full Stack's aggressive litigation posture was designed to make this litigation as expensive as possible for Prokos and forced him to take the case to trial to vindicate his rights. Indeed, for more than a year of this litigation (and over 22 months after Prokos' initial demand letter) Full Stack refused to make *any* offers to settle this case, providing no substantive response whatsoever to Prokos' initial demand and leaving him with no meaningful choice but to push forward with this litigation. Full Stack made a Rule 68 offer of judgment two days before the summary judgment filing deadline and then pushed forward through trial arguing that Full Stack made fair use of Prokos' photographs and that it had permission from nonparty ArtSpace to copy and display them.

Because Prokos is the prevailing party against Full Stack in this action and owns timely copyright registrations for each of the 15 photographs at issue, and because the relevant factors favor recovery, this motion should be granted.

## II. ARGUMENT

### *A. Prokos holds timely copyright registrations in his photographs.*

Attorneys' fees are proper if the works at issue were registered with the Copyright Office before the infringement occurred. 17 U.S.C. § 412. Prokos holds valid copyright registrations for each of his photographs at issue in the case, each of which was registered before Full Stack's infringements. *See* Stipulation of Fact No. 2 (ECF Dkt. # 82-3) and Exhibits 16-21 (copyright registrations). There is no dispute that Prokos satisfies the first requirement.

*B. Prokos is the prevailing party.*

A "prevailing party" is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded [or] one who has been awarded some relief by the court." *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 603 (2001) (citation omitted). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (a prevailing party is one who has "succeed[ed] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit"). In copyright case, a plaintiff who wins a damage award is the prevailing party. Per the jury's verdict, Prokos is the prevailing party against Full Stack.

*C. The relevant factors favor an award of attorneys' fees.*

All factors to be considered in the fee analysis favor Prokos. The Supreme Court's *Fogerty* factors "guide courts' discretion" in awarding attorneys' fees under the Copyright Act. The factors include: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). *See also Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010). "[F]ee awards under § 505 should encourage the types of lawsuits that promote" the Copyright Act's objectives of "enriching the general public through access to creative works," "discouraging infringement; securing a fair return for an author's creative labor; and stimulating artistic creativity for the general public good." *Kirtsaeng, supra*, 579 U.S. at 204 (*quoting Fogerty*, 510 U.S. at 527). Other factors may also be considered "so

long as such factors are faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 535, fn. 19. While the Copyright Act supports "encouraging and rewarding authors' creations while also enabling others to build on that work", "fee awards under § 505 should encourage the types of lawsuits that promote those purposes." *Kirtsaeng, supra,* 579 U.S. at 204 (*citing Fogerty, supra*, 510 U.S. at 526).

Exceptional circumstances are not a prerequisite to an award of attorney fees in a copyright action. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir.1996). And, fee recovery is appropriate even if the losing party's positions were reasonable. *Kirtsaeng, supra*, 579 U.S. at 200 (while "a court, in exercising that authority [to award attorneys' fees], should give substantial weight to the objective reasonableness of the losing party's position…. the court must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense."). Here, each factor weighs in favor of allowing Prokos to recover his fees.

*a. Degree of Success obtained*

As noted above, Prokos initiated this case in order to secure reasonable compensation for Full; Stack's unauthorized use of his photographs. In order to obtain the jury's award of the sum they believed reasonable for that infringement, Prokos had to overcome a litany of affirmative defenses challenging his claim and his ability to prevent unauthorized commercial uses like those made by Full Stack. He prevailed on each of those—establishing, for example, that Prokos had not authorized ArtSpace to post his photographs on milled.com, that ArtSpace itself had not posted his photographs on milled.com, and that Full Stack had not engaged in fair use.

The jury awarded Prokos damages of $33,750 – or $2,250 per infringed photograph. While Full Stack may point to the amount of the award to argue that Prokos only achieved limited success, a smaller amount of damages actually makes an award of attorneys' fees more appropriate, not less so.

As Judge Posner explained in *Gonzales v. Transfer Technologies, Inc.,* 301 F.3d 608, 610 (7th Cir. 2002):

> The smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees. We urge this point, and we are not the first to do so—see, e.g., *Magnuson v. Video Yesteryear, supra,* 85 F.3d at 1432; *Quinto v. Legal Times of Washington, Inc.,* 511 F.Supp. 579, 581 (D.D.C.1981); Paul Goldstein, Copyright § 12.3.2.2 (2d ed.2002); Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 14.10 (2002)—not as a rule to be mechanically applied but rather as a consideration for district judges to weigh seriously; we go so far as to suggest, by way of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees.

The first factor favors an award of fees to Prokos.

*b.* *Frivolousness*

Prokos' infringement claim was not frivolous, as he proved that Full Stack had infringed his copyrights. His DMCA claim was not frivolous, either. The parties spent little time litigating that issue, and Prokos voluntarily dismissed his DMCA claim prior to summary judgment, although Full Stack's counsel refused to stipulate to dismissing that claim for weeks.

And while it is not required that Prokos prove that Full Stack's positions were taken in bad faith or were otherwise frivolous, the record established that they largely were. A claim is frivolous "where is lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Full Stack repeatedly argued without basis that Prokos had authorized ArtSpace to post his photographs on Full Stack and advanced a related license defense, each of which was wholly without merit. Full Stack filed a third-party complaint against ArtSpace (Dkt. #10), dismissed it after receiving ArtSpace's CEO's affidavit stating that ArtSpace had not authorized the display of Prokos' photographs on milled.com (Dkt. #57-2), and reviewed Prokos' contract with ArtSpace which clearly states that any marketing beyond emails and the ArtSpace newsletter required his express consent.

(Dkt. #50-3). Indeed, Full Stack presented no credible evidence for this line of defense at summary judgment or at trial but still argued it to the jury.

This factor similarly favors fee recovery by Prokos.

*c. Motivation*

Prokos' motivation in prosecuting this action was proper and aligned with the Copyright Act. He sought to protect the integrity of his original photographs (and by extension his ability to license those works). Such motivation favors an award of fees. *See Gaffney v. Muhammad Ali Enter.,* No. 18-CV-8770 (GBD(OTW), 2026 WL 878993 at *3 (S.D.N.Y. Mar. 31, 2026)(plaintiff's "motivation was to protect his rights to his work, one of the core principles of the Copyright Act"). *See also Fogerty,* 510 U.S. at 526, *quoting Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)("The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor"); *Twentieth Century Fox Film Corp. v. Streeter,* 438 F.Supp.2d 1065, 1074-1075 (D.Ariz. 2006) ("Film Corp.'s motivation is pursuing this litigation is to protect its copyrights which is one of the objectives of the Copyright Act.").

This factor also weighs in favor of awarding Prokos his fees.

*d. Objective reasonableness*

Prokos' infringement claim, both legally and factually, was objectively reasonable. In contrast, the jury rejected Full Stacks' defenses at trial.

"'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 Fed.Appx. 77, 80 (2d Cir. 2001).

Here, as discussed above under the "Frivolousness" factor, Full Stack's defenses were not credible; but, instead of attempting to resolve the matter in good faith, it held positions that threatened Prokos' ability to control his copyrights and forced him to litigate this case through trial. And, even if Full Stack's arguments regarding, for example, a license through ArtSpace or fair use were not

objectively unreasonable at the outset of the case, they certainly were by the time of trial. As discussed above, Full Stack knew in October 2023 that Prokos did not authorize ArtSpace to post his photographs on milled.com and that ArtSpace itself did not authorize those postings. Similarly, Full Stack's use of the photographs was not transformative, as fair use would require; Full Stack just copied and displayed the ArtSpace newsletters, selling display ads beside them. The Court described its fair use defense as "thin" at trial.

Moreover, Full Stack's settlement positions, like its litigation posture, were not reasonable, which also supports fee recovery. Only after a year and a half of litigation, after all discovery were completed and two days before the parties had to file their summary judgment motions, did Full Stack make a Rule 68 offer, which offer was far less than the jury's award.

The "objective reasonableness" factor thus strongly supports an award of fees in this case.

*e. Purpose of the Copyright Act: Compensation and deterrence.*

Two final factors that support an award of fees here to vindicate the purposes of the Copyright Act are compensation and deterrence. *Zawelski v. Cicero Builder Dev., Inc.,* 754 F.3d 95, 108 (2d Cir. 2014). As the "principal purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them," *Diamond v. Am-Law Publish. Corp.* 745 F.2d 142, 147 (2d Cir. 1984), awarding fees to a successful copyright claimant "serves the purposes of the Copyright Act to compensate the plaintiff and deter future infringements." *Walt Disney Co. v. Best*, No. 88-CV-1595 (SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990). "As to compensation, a fee award helps ensure that an injured copyright holder is, at the end of the day, compensated for his injury. Otherwise, there is some risk that the cost of the litigation will erode, if not eliminate altogether, the plaintiff's recovery." *Beastie Boys v. Monster Energy Co.,* 112 F.Supp.3d 31, 44 (S.D.N.Y. 2015).

To promote the goal of deterrence, awarding a successful copyright owner fees encourages copyright holders to litigate meritorious claims. In the absence of a potential fee award a copyright

owner "might be forced into a nuisance settlement or deterred altogether from enforcing his rights." *Crown Awards, Inc. v. Discount Trophy & Co.*, 564 F.Supp.2d 290, 296 (S.D.N.Y. 2008), *aff'd* 326 Fed.Appx. 575 (2d Cir. 2009)(summary order)(*quoting Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)). A fee award further serves "to satisfy the Copyright Act's purposes" as it will "encourage plaintiffs to litigate meritorious claims of copyright infringement" and, furthermore, "encourage the origination of creative works by attaching enforceable rights to them." *Id* at 295 (citations omitted).

Any decision of whether to determine attorney's fees should focus on the need to make the prevailing party whole. *McCulloch v. Price*, 823 F.2d 316, 323 (9th Cir. 1987)("[S]ection 505 is intended in part to encourage the assertion of colorable copyright claims ... and to make the plaintiffs whole."). In the absence of a fee award, Prokos will have to absorb costs that he otherwise would not have incurred, and he will come away worse off than if he had not successfully litigated his infringement claims to a jury verdict. This would perversely incentivize potential infringers to use the intellectual property of others and gamble that the copyright owner will not take necessary action. Such an outcome would leave only deep-pocketed copyright owners with the resources to vindicate their rights.

To truly deter Full Stack (and other would-be infringers), fee recovery is necessary and appropriate. Infringers must be dissuaded from embracing a strategy of unreasonable settlement offers and defense tactics that are calculated to make it very expensive for copyright holders to enforce their rights.

*D. Prokos' requested fees are reasonable.*

The fees that Prokos seeks to recover are reasonable. An attorney's fee award is calculated based on a "reasonable hourly rate," which is "the rate a paying client would be willing to pay," as determined based on a holistic assessment of all the circumstances at issue in the case. *Arbor Hill*

*Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2008). The "presumptively reasonable fee" is the "product of a reasonable hourly rate and the reasonable number of hours required by the case," and is known as the "lodestar." *Millea v. Metro-N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where the party seeking fees establishes that both the hours and rates are reasonable, there is a "'strong presumption' that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The presumption may be overcome only in "exceptional" and "rare circumstances" based on "specific evidence." *Perdue v. Kenny A*., 559 U.S. 542, 554 (2010); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

While Prokos' legal fees exceed the jury's $33,750 statutory damage award, the "jury's damages verdict is not a reliable proxy for the quantum of legal work," particularly given the almost four-year duration of this case and Full Stack's unwillingness to resolve the case prior to trial. *See Beastie Boys, supra*, 112 F. Supp. 3d at 58 n.10; *Spooner v. EEN, Inc.*, 829 F. Supp. 2d 3, 9 (D. Me. 2010) (awarding fees "more than double" the statutory damages award because defendants "chose to take this case to trial and were found to be willful infringers"), *aff'd*, 644 F.3d 62 (1st Cir. 2011); *M.S.R. Imports, Inc. v. R.E. Greenspan Co.*, 574 F. Supp. 31, 36 (E.D. Pa. 1983), *aff'd*, 732 F.2d 146 (3d Cir. 1984) ("There is no express or implied correlation between the amount of the damage award and the attorney's fees allowed.").

"Generally, an 'attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of' a reasonable hourly rate." *Charles v. Seinfeld*, No. 18-cv-1196, 2022 WL 889162, at *3 (S.D.N.Y. Mar. 25, 2022). Rates are reasonable when they are in line with the rates prevailing in the district for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Regul. Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13-cv-2493, 2014 WL 4792082, at *1 (S.D.N.Y. Sept. 24, 2014). In determining the appropriate rate, the size of the

attorney's firm should not matter. *McDonald ex re Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 97 n.6 (2d Cir. 2006).

Prokos is represented in this matter by Michael D. Steger, an experienced copyright litigator. Declaration of Michael D. Steger Decl. ¶3 . His practice has focused on intellectual property and entertainment law since 2005. Mr. Steger writes and speaks regularly on copyright law issues, including for the American Bar Association and the New York City Bar Association, among others. Multiple federal judges in New York have approved similar rates for Mr. Steger.[1]

The claimed rates for Mr. Steger and his associate, Megan Abner are reasonable. In 2021, this Court founds that approved hourly rates range from $400 to $735 per hours for partners and $200 to $459 for associates in copyright case. *See Samsonite IP Holdings S.ar.l. v. Shenzhen Liangyiyou E-Com. Co., Ltd.*, No. 19-CV-2564 (PGG)(DF) 2021 WL 9036273, at *14 (S.D.N.Y. Apr. 27, 2021)(collecting cases), *report and recommendation adopted*, 2023 WL 8805645 (S.D.N.Y. Dec. 20, 2023). *See also BMaddox Enterprises LLC v. Oskouie,* 2023 WL 1418049, at *4 (S.D.N.Y. Jan. 6, 2023)(same). Hourly rates for attorneys have certainly increased since these decisions. The *Gaffney* Court recently awarded attorneys' fees at rates far higher than those sought here for attorneys with comparable experience. It also found that "Reasonable hourly rates for paralegal and litigation support staff range from $150 to $250." *Gaffney, supra*, 2026 WL 878993 at *5.

The court conducts "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478,

---

[1] *See, e.g., Prokos v. Lions Equities* 2020 WL 770591 (E.D.N.Y. February 12, 2020)(approving hourly rate of $485 for Mr. Steger over six years ago); *Prokos v. Giggster, Inc.,* Case No. 22-cv-1074 (S.D.N.Y. October 3, 2022), ECF Dkt. #38 (approving hourly rate of $485 for Mr. Steger in 2022). Steger Decl., ¶4 .

484 (2d Cir. 1997). The question is whether "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). The Court also looks at the nature of the legal matter: complex cases justify higher rates and more hours and resources, while simpler cases justify less of each. *Arbor Hill*, 522 F.3d at 184–87. A district court should look to "its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). "[T]he Court has no obligation to scrutinize a fee application line by line, but is to do rough justice, not to achieve auditing perfection." *Syntel Sterling*, 2024 WL 1116090, at *6 (finding 21,000 billable hours to be reasonable for a seven-year litigation, including a six-day trial).

Prokos' counsel and staff expended a reasonable number of hours on this case and has further reduced those hours to remove time spent on the voluntarily dismissed DMCA claim. Steger Decl, ¶ 7. These hours are supported by the billing records and the declaration of Michael D. Steger submitted herewith. *Id.,* ¶¶ 4-5.

Prokos seeks to recover attorneys' fees for the work of its counsel as follows:

| Attorney: | Hourly Rate: | Hours Expended: | Amount: |
|---|---|---|---|
| Michael D. Steger | $500-$525 | 158.7 | $82,772.50 |
| Megan J. Abner | $325 | 20.9 | $6,792.50 |
| Paralegals | $125 | 39.2 | $4,900 |
| **Total:** | | | **$94,465.00** |

The fees incurred by Prokos include investigating his claims, initial paper discovery, a settlement conference before Magistrate Judge Willis, party depositions, summary judgment motions, pretrial practice including extensive motions in limine and the trial itself. Prokos seeks fees for less

than 180 hours of attorney time and barely 39 hours of paralegal time. Exh. A to Steger Decl. His fee request is reasonable.

## III. CONCLUSION

Prokos prevailed at trial and established that Full Stack infringed his copyright in fifteen photographs, receiving a statutory damage award for all photographs. He did so in the face of fierce opposition by a defendant willing to advance arguments and evidence that were either totally unsupported by fact or law or that had “thin” support, requiring Prokos’ counsel to spend much time and effort to challenge Full Stack’s defenses. Full Stack refused to engage in meaningful settlement discussions and engaged in litigation that forced Prokos to spend significant resources to vindicate his rights. In light of the above, Prokos respectfully requests that the Court grant his motion and that he recover fees in the amount of $94,465.00.

As the Court has not yet entered judgment but has set a July 17th deadline for the instant fee motion, Prokos asks leave to request a supplemental fee award in the event the parties engage in further posttrial motions.

Dated: July 17, 2026

Respectfully submitted:

By: _/s/ Michael D. Steger_

Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 638-2707 (fax)
msteger@steger-law.com
Attorney for Plaintiff Andrew Prokos