**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDREW PROKOS,

Plaintiff,

- against -

FULL STACK LLC, and DOES 1-10,

Defendants.

Case No.: 23-cv-4960-MMG

**PLAINTIFF ANDREW PROKOS'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES**

## I. INTRODUCTION

Prevailing Plaintiff Andrew Prokos' Motion for Attorneys' Fees established that the Court should award his fees. Defendant Full Stack's Opposition does not substantially rebut the arguments supporting a fee award. Prokos prevailed at trial on every contested issue, obtaining a statutory damage award for each of the fifteen photographs Full Stack infringed. Prokos did so only after Full Stack forced him to litigate through discovery, summary judgment practice, motions in limine and a three-day jury trial. A central purpose of Section 505 of the Copyright Act is to compensate a copyright owner who has to expend substantial resources to vindicate his rights against a defendant who contested liability at every step and who advanced defenses the jury rejected.

Full Stack's central argument – that its defenses were "objectively reasonable" because they survived summary judgment (Opp. pp. 5-7) – misstates applicable law. As set forth below, surviving summary judgment does not immunize a losing party from liability for legal fees, not does it establish objective reasonableness as a matter of law. The Supreme Court has made clear that courts may award fees even where the losing party's position was reasonable. *Kirtsaeng v. John Wiley & Sons, Inc.,* 579 U.S. 197, 208-209 (2016). Full Stack asks the Court to treat a summary judgment ruling as a dispositive ruling on reasonableness, contrary to the law.

Full Stack's remaining arguments – including attacks on Prokos' motivation, mischaracterizations of the record, and objections to billing records – are likewise unavailing. Full Stack copied and displayed fifteen of Prokos' photographs, blamed third-party ArtSpace LLC for their display, pursued defenses the Court described as "thin,", offered only a nuisance settlement for over a year, and then made a Rule 68 offer only two days before the deadline for summary judgment filings. Section 505's goals of compensation and deterrence strongly support a fee award to Prokos. Accordingly, the Court should grant the Motion.

## II. ARGUMENT – THE COURT SHOULD AWARD PROKOS' ATTORNEY FEES

The Motion set forth the grounds for Prokos' attorney fee award and demonstrated that a fee award is justified in this case under the principles of *Fogerty v. Fantasy*, 510 U.S. 517, 526 (1994). The Opposition does not disturb those conclusions.

### A. Full Stack's Positions Were Not Objectively Reasonable

Full Stack's Oppositon rests on its assertion that because the Court denied Prokos' summary judgment motion its defenses were conclusively objectively reasonable. (Opp. pp. 5-7). There is no basis for this conclusion. Objective reasonableness is based on all the circumstances of the case, including trial. *Kirtsaeng, supra*, 579 US. at 208-09. Courts have regularly held that a party's survival of summary judgment does not preclude a fee award, and courts in the Second Circuit have awarded attorney's fees where the losing party's claims survived summary judgment. *See Beastie Boys v. Monster Energy Co*., 112 F.Supp.3d 31 (S.D.N.Y. 2015); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, Inc.* No. 15-CV-211 (LGS), 2024 WL 116090 (S.D.N.Y. Mar. 14, 2024)(approving attorney fee award for over 21,000 after losing party survived summary judgment motion); *Gaffney v. Muhammad Ali Enter.,* No. 18-CV-8770 (GBD)(OTW), 2026 WL 878993 at *3 (S.D.N.Y. Mar. 31, 2026). Full Stack instead treats the Court's summary judgment ruling as a dispositive shield immunizing it from liability for attorney's fees. It is not.

Full Stack's citation to *Narrative Ark Ent. LLC v. Archie Comic Publications, Inc.,* No. 16-CV-6109 (VB), 2019 WL 5157400 (S.D.N.Y. Oct 15, 2019) does not support its cause. First, the Narrative Ark court granted both sides' motions for summary judgment. Second, Judge Briccetti denied the fee motions of both the plaintiff and a third-party defendant because they had lost the case on the merits. That finding does not support a denial of Prokos' fees.

The conduct of the trial demonstrated the objective unreasonableness of several of Full Stack's long-held positions, summarized at page 3 of the Opposition. First, Full Stack presented no credible evidence that Prokos authorized ArtSpace to post his photographs on milled.com.

Second, Full Stack presented no credible evidence that ArtSpace itself authorized Full Stack to post Prokos' photographs on milled.com. Indeed, the only testimony on this issue, elicited by Full Stack from Prokos himself, was that ArtSpace never authorized Full Stack to display the photographs.

Third, Full Stack's argument that it engaged in no volitional conduct had no support: Full Stack itself signed up for ArtSpace's newsletters, and Full Stack's software copied, uploaded and displayed them on milled.com. Incredibly, the Opposition again cites a 2016 email from ArtSpace as evidence that ArtSpace somehow agreed to post Prokos' photographs on milled.com. Full Stack's principal testified at trial that the 2016 email had nothing to do with its display of the newsletters.

Finally, there was no support for Full Stack's fair use defense. It copies newsletters in their entirety, does not comment on them, does not transform them in any way, and displays them for commercial purposes, selling advertising alongside them. A defense contradicted by the evidence and rejected by the jury is not objectively reasonable.

Full Stack's conduct here resembles that of the defendant in *Beastie Boys*. In that case, defendant Monster Energy refused to acknowledge infringement and, until the eve of trial, blamed a third party for the unauthorized use, again going so far as to file a third-party complaint. 112 F.Supp.3d 31, 42-43. Here, Full Stack continued to maintain that both Prokos and non-party (and former third-party defendant) ArtSpace had authorized Full Stack to display Prokos' photographs, even after filing and dismissing a third-party complaint seeking indemnification. No evidence supported that claim.

And, unlike the losing defendant in *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135 (2d Cir. 2010), Full Stack did not prevail on a single issue.

**B. Prokos' Motivation Was Consistent with the Purposes of the Copyright Act**

The Opposition next attacks Prokos' motivation in prosecuting this action. (Opp., p. 8). Prokos has filed several copyright infringement lawsuits to protect his intellectual property. Full Stack's attempt to tar him as a "serial filer" is irrelevant. A "principal purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them," *Diamond v. Am-Law Publish. Corp.* 745 F.2d 142, 147 (2d Cir. 1984), and encouraging authors to enforce their rights furthers the Copyright Act's goals. "The immediate effect of our copyright law is to secure a fair return to an 'author's' creative labor." *Fogerty, supra*, 510 U.S. at 526, *quoting Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). Prokos' motivation was straightforward: to protect his original works and prevent their unauthorized commercial exploitation by others.

**C. The Twin Goals of Compensation and Deterrence Support a Fee Award**

The jury awarded Prokos $33,750 in damages. Without a fee award, he will incur more than $94,000 in fees, leaving him financially worse off than if he had not pursued this case. As set forth in the Motion (pp. 6-7), courts frequently hold that such outcomes undermine the Copyright Act's goals. Congress created statutory damages – and Prokos elected them here – because actual damages can be difficult to quantify. Awarding Prokos his fees ensures that the damages award is meaningful to Prokos.

A fee award would also further deterrence of copyright infringement. Full Stack's conduct – operation of a business that monetizes the creative works of others including copying copyrighted works, refusing to settle and pursuing defenses unsupported by law or evidence – demonstrates the need for deterrence. Declining to award Prokos his attorney fees would incentivize others to infringe copyrights and gamble that it will be too expensive for the copyright owners to enforce their rights as litigation costs would outweigh recoveries. Section 505 was enacted to avoid such outcomes. The *Beastie Boys* language quoted in the Opposition is instructive here: "the Court must determine the minimum amount reasonably necessary to effectively litigate these claims, not the amount actually spent

in this case." 112 F.Supp.3d at 44. There is no suggestion or explanation of how Prokos could have paid counsel less to achieve a similarly successful result.

**D. Full Stack's Declined Rule 68 Offer is Immaterial**

The purpose of Federal Rule of Civil Procedure 68 is to immunize a defendant against an award of post-offer costs incurred by a plaintiff who rejects the offer and fails to beat it at trial. No authority supports a denial or reduction of fees to a successful plaintiff who receives a jury award exceeding the Rule 68 offer. As described in the Motion, Full Stack made a Rule 68 offer two days before summary judgment motions were due in an apparent attempt to force Prokos to quickly accept the offer. As Full Stack has apparently waived confidentiality over settlement discussions, its prior settlement offer, during a half day settlement conference in June 2024, was $7,500.

Full Stack declined to settle the case. It should live with the consequences of its decision.

**E. The Requested Fees Are Reasonable**

After depositions, cross-motions for summary judgment, extensive pretrial submissions and a three-day jury trial, Prokos seeks fees for less than 180 hours of attorney time and 39 paralegal hours. The total hours are low for a copyright infringement case litigated to a jury verdict. The paralegal hours billed herein were spent on necessary tasks such as drafting documents preparing exhibits. Time necessarily spent on clerical tasks "should be compensated at the rate for clerical employees". *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 540 (S.D.N.Y. 2008). The Opposition cannot point to any marker that the time spent was excessive.[1]

The Motion further set forth that plaintiff's counsel's rates were reasonable, based on experience, expertise, prior fee awards and other awards for similarly situated counsel in New York copyright

---

1 The Opposition does point out a date error in Exhibit A to the Motion. The 7/15/2025 time entry should read 7/15/2024. The hourly rate and time spent are accurate.

litigation. The Opposition argues that counsel's rates were excessive, pointing to the rates for other fee awards for the same counsel representing Prokos in 2020 and 2022. The instant request seeks a rate approximately eight percent higher, six and four years later. The Opposition provided no grounds to change those rates.

**F. Block Billing is Permitted**

Full Stack next asks the Court to deny Prokos' fees because his lawyers block billed their time. Courts routinely approve block-billed entries where, as here, the entries are sufficiently clear to permit the court to meaningfully review the tasks described. *Rodriguez v. McLoughlin*, 84 F.Supp. 417, 425 (S.D.N.Y. 1999). Accordingly, "'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" *United States Football League v. National Football League*, 704 F.Supp. 474, 477 (S.D.N.Y. 1989), *quoting City of Detroit v. Grinnell Corp*., 495 F.2d 448, 473 (2d Cir. 1974). *See also Hensley v. Eckerhart*, 461 U.S. 424, 437, fn12 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended"). Courts in this District have approved block billing in copyright cases. *See Beastie Boys, supra* 112 F.Supp.3d at 53 (block billing acceptable where entries "describe the general nature of the work performed"). Full Stack's complaint that counsel's billing entries for days he spent working only on summary judgment motions or trial fall flat. It would be unreasonable to expect counsel to bill separate entries in one day for tasks such as the jury charge conference, drafting his closing argument, making his closing argument, receiving the verdict and engaging in post-verdict discussion with the Court.

Courts reduce block billing entries only when they are so vague that the court cannot determine was work was done. *Div. 1181 Amalgamated Transit Union v. D & A. Bus. Co.*, 270 F.Supp.3d 593, 627 (E.D.N.Y. 2017). Where, as here, the time entries show the court what work was done, the court can then determine if the time claimed was appropriate in the context of the litigation.

## III. PROKOS SHOULD RECEIVE HIS COSTS

Apparently eager to avoid any accountability in this case, Full Stack contests the majority of Prokos' bill of costs. Each cost is documented and should be awarded.

First, on the second day of trial, June 24th, the Court ordered the parties to order daily transcripts of the trial. Pursuant to the Court's instructions, Prokos' counsel ordered the transcripts from the reporter and forwarded them to Full Stack's counsel when received. While in court that day, Full Stack's counsel agreed to pay half the reporter's fees, which she confirmed that evening by email. *See* Exhibit G to Supplemental Declaration of Michael D. Steger. That Full Stack later ordered its own copies does not relieve it of its obligations to pay Prokos' costs as the prevailing party.

Second, Full Stack's additional objections to the bill of costs ignore the documents filed with Prokos' costs motion.[2] Exhibit A is the ECF filing fee confirmation which specifically states, "Filing Fee $ 402.00, Receipt Number ANYSDC-27871445". Exhibit B is the receipt for the process server, and Paragraph 4 of the Steger Declaration details the Secretary of State's statutory $40 fee for accepting service of process while also verifying that Prokos paid that fee. The Steger Declaration attests to each claimed cost.

Finally, Paragraph 6 of the Steger Declaration details the photocopy costs necessarily incurred for summary judgment and trial pursuant to the Court's requirements.

Full Stack's decision to contest Prokos's costs reflects its continued scorched earth tactics. As detailed in Exhibit G, Prokos' counsel sent a preliminary costs bill to Full Stack's counsel in an attempt to avoid unnecessary litigation over costs. Full Stack's counsel wrote that she was "Not contesting" the bill of costs but later changed course.

---

[2] It appears that Full Stack may not have reviewed ECF Dkt. # 89 and the accompanying exhibits.

The Court (or the Clerk)[3] should award Prokos his full costs.

## IV. CONCLUSION

Prokos successfully prosecuted his infringement claims against Full Stack. The Motion showed that the Court should award his legal fees as the prevailing party based on the degree of success, the goals of the Copyright Act, the lack of support for Full Stack's defenses, and the documented need for his counsel to put in the work to win the trial. The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley, supra,* 461 U.S. at 437. The jury rejected most of Full Stack's arguments at trial. The Opposition provides no grounds to either deny Prokos' Motion or to reduce the fees and costs sought.

Prokos respectfully requests that the Court award him (1) $94,465 in reasonable attorneys' fees and (2) $1,922.80 in costs. As Full Stack has already indicated that it will seek to overturn the jury's verdict through posttrial motions and an appeal, Prokos seeks leave to request additional fees incurred in continued litigation.

Dated: August 28, 2026

Respectfully submitted:

By: *<u>/s/ Michael D. Steger</u>*

Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 638-2707 (fax)
msteger@steger-law.com
Attorney for Plaintiff Andrew Prokos

3 On August 26th the Clerk rejected Prokos' Bill of Costs because "final judgment has not been entered in this case."