UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW PROKOS,

Plaintiff,

Case No.: 1:23-cv-04960 (MMG)

v.

FULL STACK, LLC,

Defendant.

# DEFENDANT FULL STACK LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

## PRELIMINARY STATEMENT

Pursuant to the Court's Order dated September 2, 2026, granting leave, Defendant Full Stack LLC ("Full Stack") submits this sur-reply, confined to the matters Plaintiff Andrew Prokos raised for the first time in his Reply (Dkt. 95) and the Supplemental Declaration of Michael D. Steger and its exhibits (Dkt. 95-1, 95-2, 95-3), all filed August 28, 2026.

Full Stack does not reargue its Opposition. It responds only to what is genuinely new: (1) Prokos's late-tendered declaration and exhibits; (2) his new contention that Full Stack waived its cost objections; and (3) his new, increased demand for costs.

## ARGUMENT

### I. The Court Should Disregard the Supplemental Declaration and Exhibits G and H, Offered for the First Time on Reply

Prokos withheld the Supplemental Steger Declaration and Exhibits G and H until his Reply. Dkt. 95-1; Dkt. 95-2; Dkt. 95-3. Each is an email exchange from June and July 2026 — Exhibit G is dated June 24, 2026 (Dkt. 95-1 ¶ 2), and Exhibit H is a chain ending July 23, 2026. Dkt. 95-3.

Exhibit G predates Prokos's opening Motion, filed July 17, 2026, and was in his possession when he moved. Exhibit H postdates that filing by six days, but it predates his Bill of Costs and Motion for Costs and was available to him for more than a month before he filed his Reply. Nothing in Full Stack's Opposition made either exhibit newly relevant.

Evidence a movant possessed when it filed its motion, but offers only on reply, is properly stricken, and a movant may not add new materials merely because the opponent pointed out that it has not met its burden. *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007). The *Aurora* court further held that permitting a sur-reply does not cure the impropriety, because it merely affords the movant a second bite at the apple and invites gamesmanship in motion practice. *Id.*

This District applies that principle as a matter of course: courts here have "frequently decline[d] to consider evidence first submitted on reply," a rule that exists to deter new arguments and evidence the opposing party has no opportunity to answer. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018). Prokos offers no reason he could not have submitted these June and July 2026 communications with his opening papers, and his decision to hold them until reply is the precise unfairness the rule guards against.

Accordingly, the Court should disregard the Supplemental Declaration and Exhibits G and H contained within Plaintiff's Reply.

## II. Full Stack Did Not Waive Its Objections to the Bill of Costs

Relying on Exhibit H, Prokos contends that Full Stack said it was "[N]ot contesting" the bill of costs but later changed course. Dkt. 95 at 7. If the Court reaches Exhibit H notwithstanding Point I, the record does not support that characterization. Exhibit H is an exchange about a *single court-reporter invoice* — invoice number 0579239 — not the Bill of Costs. Dkt. 95-3.

Undersigned counsel's "[N]ot contesting" reply followed Mr. Steger's statement that the amounts were final, and it addressed those transcript amounts. Dkt. 95-3. Indeed, in the same chain Mr. Steger wrote that he was probably going to file the costs motion that day and asked counsel to let him know only if she ended up not contesting it — confirming that no waiver had yet been given when the exchange occurred. Dkt. 95-3.

The chronology forecloses any waiver. The July 23, 2026 email predated Prokos's Bill of Costs and Motion for Costs (Dkt. 90). More decisively, Full Stack's Opposition — filed weeks later, on August 12, 2026 — expressly contested Prokos's costs on documentation and necessity grounds, item by item. Dkt. 93 at 15-16. A preliminary courtesy email about a reporter's invoice cannot override the formal, on-the-record objections Full Stack actually filed.

**III. Prokos's New, Increased Cost Demand Is Unsupported and Premature**

For the first time on reply, Prokos demands $1,922.80 in costs. Dkt. 95 at 9. That figure exceeds the $1,631.30 he sought in the Motion for Costs and Bill of Costs that Full Stack actually opposed — an increase of $291.50 introduced without explanation and without any opportunity for Full Stack to respond. Dkt. 90. Like the Reply exhibits, the enlarged demand should be disregarded. *Aurora Loan Servs.*, 513 F. Supp. 2d at 20.

The demand is also premature and unsupported. Local Civil Rule 54.1(a) provides that a notice of taxation is due only within thirty days after entry of final judgment, and that costs will not be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial. The Rule separately requires an affidavit that the costs claimed are allowable by law, correctly stated, and necessarily incurred, with the supporting bills attached as exhibits. As Full Stack set out in its Opposition, Prokos's submission supplies neither the affidavit nor invoices for each line

item. Dkt. 93 at 16. More fundamentally, no judgment has been entered, which is the reason the Clerk rejected Prokos's Bill of Costs. Dkt. 95 at 8 n.3.

The transcript charge separately fails, again for the reasons stated in the Opposition. Under Local Civil Rule 54.1(c)(1), only a transcript necessarily obtained for use in the court is taxable, and the convenience of counsel is not sufficient. Full Stack forwarded its own copy of the third trial-day transcript to Prokos's counsel at no charge, and the duplicate he ordered anyway was not necessarily incurred. Dkt. 93 at 15-16. Taxation should in all events abide entry of judgment and resolution of Full Stack's post-trial motion. Dkt. 93 at 16.

Prokos's own authority underscores these limits. In *Rimini Street, Inc. v. Oracle USA, Inc.*, the Supreme Court held that the "full costs" recoverable under Section 505 of the Copyright Act are confined to the six categories Congress enumerated in 28 U.S.C. §§ 1821 and 1920 and may not exceed them. 586 U.S. 334, 337-38 (2019). Within those categories, transcript and copying costs are taxable only where the item was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). Prokos's inflated demand — advanced without the required affidavit or supporting invoices — cannot be reconciled with those statutory limits.

## CONCLUSION

The Court should disregard the Supplemental Declaration and Exhibits G and H, reject Prokos's new waiver argument, and decline his increased and unsupported cost demand. For the reasons stated here and in Full Stack's Opposition, the motion for attorney's fees should be denied and the bill of costs disallowed or, at a minimum, held pending entry of judgment.

Dated: September 9, 2026

Respectfully submitted,

_/s/*natalie sulimani*___________

Natalie Sulimani, Esq.
150 Broadway Suite 1703
New York, NY 10038
Tel: (212) 863-9614
natalie@sulimanilawfirm.com
*Counsel for Defendant Full Stack, LLC.*